UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

vs.

TIMOTHY DONAGHY,

CRIMINAL DOCKET NO.
CR-07-0587

      Defendant.
_____/

## DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

COMES NOW, the Defendant, TIMOTHY DONAGHY (hereinafter "DONAGHY"), pro se, hereby files this Motion for Early Termination of Probation, and as good cause in support thereof states as follows:

1. On or about July 29, 2008, the Defendant, DONAGHY, pursuant to a plea agreement with the UNITIED STATES OF AMERICA, was sentenced by the Honorable Carol B. Amon, Chief Judge of the Eastern District of New York, to a term of Fifteen (15) months of Imprisonment followed by Three (3) years of Supervised Release. The Defendant, DONAGHY, completed his imprisonment and his Supervised Release commenced on November 4, 2009 in the Middle District of Florida.

2. Since his release from the Bureau of Prisons, the Defendant, DONAGHY, has been supervised by Ms. Gerri Cotter, U.S. Probation Department in Sarasota, Florida. According to a written report from the U.S. Probation Department, dated July 25, 2012 and signed by Richard Azarian, Sr. U. S. Probation Officer, a copy of which is attached hereto as Exhibit "A" and incorporated by reference as though set forth in its entirety herein, the Defendant, DONAGHY, has fully complied with all of the terms and/or conditions of his Supervised Release, including but not limited to: (a) paid the Special Assessment Fee; (b) complied with the collection of DNA;

(c) made all of his restitution payments (approximately $80,000) in accordance with the Court's Order; (d) provided U.S. Probation with all requests for financial information, including proof of purchase of his current residence and submission of semi-annual investigations regarding his finances; (e) successfully completed Mental Health counseling in September 2010 in compliance with the Court's Order; (f) actively and continuously sought gainful employment without success for approximately 5 months; (g) obtained gainful employment in April 2010, as specifically approved by the U.S. Probation Department, with a licensed gambling treatment center (First Step, Inc.), however, said entity was unable to pay the Defendant, DONAGHY, and the employment terminated in May 2010; (h) obtained gainful employment in October 2010, as specifically approved by the U.S. Probation Department, as a commentator for a national radio program known as "The Sports Connection"; said employment with "The Sports Connection" was terminated by the Court on or about July 30, 2012; and/or (i) maintained positive adjustments to his supervision and has otherwise been a productive member of the community.

3. In March 2011, to continue his employment with "The Sports Connection", the U.S. Probation Department required the Defendant, DONAGHY, to undergo an updated mental health evaluation to determine if his employment with "The Sports Connection" would pose a risk to his recovery. On or about April 30, 2011, the Defendant, DONAGHY, attended an updated mental health evaluation which concluded that his employment with "The Sports Connection" did not pose a risk to his recovery from his gambling addiction.

4. On July 25, 2011, the U.S. Probation Department determined that given Mr. Donaghy's otherwise positive adjustment and recent analysis of his employment and recovery (as corroborated by two mental health therapists), his proposed employment was not a risk and Mr.

Donaghy was permitted to continue employment with "The Sports Connection" based upon his need to support his family and/or pay his restitution obligations.

5. Pursuant to a Request for Modification of the Conditions of Supervision filed by the U.S. Probation Department, the Court terminated the Defendant, DONAGHY'S, employment with "The Sports Connection". As a result of the termination of this employment and the inability to obtain other employment, the Defendant, DONAGHY, will be substantially and unfairly prejudiced in his ability to financially support his four (4) daughters, himself, and/or otherwise meet his financial obligations.

6. Based upon the Defendant, DONAGHY'S, successful completion of approximately 33 months of his 36 months of Supervised Release, and his positive adjustments to supervision, there is no useful purpose or need for the continued supervision of the Defendant, DONAGHY, by the U.S. Department of Probation. Thus, the Defendant, DONAGHY, asks this Court to terminate his supervision.

7. In the alternative, in the event the Court denies this request for the early termination of supervision, the Defendant, DONAGHY, hereby requests that the Court modify or enter its Order allowing the Defendant, DONAGHY, to receive his salary / payments from "The Sports Connection" for the remainder of his supervision.

WHEREFORE, the Defendant, DONAGHY, respectfully requests this Honorable Court enter its Order terminating the Supervised Release of the Defendant, DONAGHY, and/or any other such Order as the interests of justice demand or require.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Hand Delivery to: Ms. Gerri Cotter, U.S. Probation Officer, Sarasota, FL; and via U.S. Mail to: Mr. Jeffery Goldberg, Esquire, Assistant United Status Attorney, Eastern District of New York, 271 Cadman Plaza East – 8th Floor, Brooklyn, NY 11201, this ___3___ day of August, 2012.

 

_____
MR. TIMOTHY DONAGHY, Pro Se.
Defendant


EDNY-PROB 12D
(rev 07/09)

PACTS#53297

# United States District Court
## for the
## Eastern District of New York

### Request for Summons and
### Modification of the Conditions or Term of Supervision

Case Number: 0207 1:07CR00587-1

Name of Offender: **Timothy Francis Donaghy**

Name of Sentencing Judicial Officer:   The Honorable Carol B. Amon, Chief U.S.D.J.

Date of Original Sentence:   7/29/2008

Original Offense:   Conspiracy to Commit Wire Fraud; 18 U.S.C. 1346, 1343, a Class C felony
Conspiracy to Transmit Wagering Information; 18 U.S.C. 371, 1084, a Class D felony.

Modification of Conditions:   Imposed on 2/4/2010
No New Lines of Credit and Full Financial Disclosure

Original Sentence:   Imprisonment - Fifteen (15) months
Supervised Release - Three (3) years

Type of Supervision:   Supervised Release   Date Supervision Commenced:   11/4/2009

### PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

While on supervised release, the offender is to refrain from engaging in employment at the "Danny Burrelli Radio Show" also known as the "Sports Connection Radio Show" or any other occupation related to gambling, and/or sports betting, legal or otherwise. The offender is to assist the U.S. Probation Department in verifying the job description of any employment he secures while under supervision.

The offender shall not associate, directly or indirectly, in person, by mail, by computer or telephonically with Daniel Biancullo aka Danny Burrelli, or any other convicted felon without the permission of the U.S. Probation Department.

| | | |
|---|---|---|
| Prob 12D | -2- | Request for Summons and Modification of the Conditions or Term of Supervision |
| *Name of Offender:* Timothy Francis Donaghy | | *Case Number:* 0207 1:07CR00587-1 |

## CAUSE

By way of background, the offender has been supervised in the Middle District of Florida (MDFL) due to his residence in Sarasota, Florida. He is scheduled to complete supervised release on November 3, 2012.

On July 9, 2012, our office received updated correspondence from MDFL U.S. Probation Officer Gerri Cotter, the offender's supervising officer, requesting that we approach the Court to address an ongoing occupational risk identified during the course of supervised release.

## SUPERVISION HISTORY:

On November 4, 2009, the offender was released from the custody of the Bureau of Prisons, at which time he commenced supervised release in the MDFL. On March 13, 2009, the $200.00 Special Assessment fee was paid in full, and on May 20, 2009, the offender complied with the collection of DNA. Additionally, the offender has made all of his restitution payments in accordance with the Court order, and he currently has a balance of $110,018.28 remaining.

While on supervised release, the offender has been residing alone, in a three (3) bedroom townhouse that his parents purchased for him on August 24, 2010. The townhouse is located at 3716 82nd Avenue Circle East, Sarasota, Florida. It should also be noted that the offender provided probation with proof of purchase and continues to submit to semi-annual investigations regarding his finances.

Immediately upon being released from custody, the offender was referred for mental health treatment at Affordable Counseling by Susan McMillan, which is a federally contracted mental health provider located in nearby Bradenton, Florida. The offender was referred to this particular provider due to the fact that Affordable Counseling had treated him prior to his sentencing on the instant offense and was subsequently familiar with his history. The offender successfully completed mental health counseling on September 14, 2010.

While on supervised release, the offender has had difficulty in finding gainful employment. Although he has always been actively seeking employment and providing proof of same, it appears that his reputation precedes him, and as a result, employers have been less than enthusiastic regarding employing him.

In December 2009, the offender was employed by VTI Group, a media marketing firm. VTI Group published the offender's book "Personal Foul" after his contract fell through with Random House Inc., and VTI Group was to oversee all media related appearances, etc. Unfortunately, the offender's book was published and distributed through VTI Group over one year ago, and the offender has yet to see or receive any profit whatsoever from that contract. As a result of this financial discrepancy, the offender's employment with VTI Group ended on or about March 2010.

| | | |
|---|---|---|
| Prob 12D | -3- | *Request for Summons and Modification of the Conditions or Term of Supervision* |
| *Name of Offender:*   Timothy Francis Donaghy | | *Case Number:* 0207 1:07CR00587-1 |

Since that time the offender has contracted with a new publisher, but has not yet seen any proceeds from the book. It should be noted that a civil suit against VTI Group has recently been settled in which VTI Group was ordered to pay the offender damages in the amount of $1.3 million dollars. To date, the offender has not yet seen the proceeds of this suit. The Financial Litigation Unit with the United States Attorney's Office in the Eastern District of New York has been notified of the Judgment.

In April 2010, the offender became employed by Firstep Inc., a licensed gambling treatment center located in Chatham, New Jersey. Unfortunately, Firstep Inc. was unable to pay Mr. Donaghy due to financial issues, This employment subsequently ended in May 2010.

The offender remained unemployed until October 2010, at which time he obtained employment as a commentator/analyst for The Dan Berrelli Radio Show. Specifically, Mr. Burrelli hosts a weekly talk show via the radio called, "The Sports Connection." The show is broadcasted locally in the Philadelphia area and nationwide via the internet. PO Cotter has listened to the show on numerous occasions over the past few months to assure the offender's compliance with the terms of his supervision. According to PO Cotter, the show openly promotes "responsible" gambling. During the 60 minute weekly show, the offender talks about specific sports match-ups for the upcoming week. Other commentators, in addition to the offender, talk about picks for National Football League games and several other sports. The offender only provides commentary and analysis regarding National Basketball Association games, and also provides a weekly blog that can also be accessed via the internet at www.dannyb.info.

Prior to the offender commencing this employment, PO Cotter spoke at length with Mr. Burrelli regarding the fact that the offender is restricted from making any picks as to what teams he thinks may win or lose any given game. Mr. Burelli stated that he understood. A similar conversation took place between PO Cotter and the offender, who stated that he understood this restriction and that he would only be providing commentary as to team and individual player performances, referee performances, and player, coach and referee relationships. Much of the commentary would be geared toward the same type of information that he notes having used in making his illegal picks prior to his prosecution for the instant offense and that is outlined in his book.

In December 2010, as a result of PO Cotter's concern for the offender's well-being and his past gambling addiction, our office received a request from MDFL seeking that the Court be notified to address the issue regarding the offender's proposed employment accordingly.

Prob 12D -4- *Request for Summons and Modification of the Conditions or Term of Supervision*

*Name of Offender:* Timothy Francis Donaghy  *Case Number:* 0207 1:07CR00587-1

---

On March 21, 2011, our office submitted a status report to Your Honor advising of PO Cotter's concerns with the offender's proposed employment. At that time, it was anticipated that a hearing may be required to address the suitability of the offender's employment, which would require testimony from the offender, PO Cotter, and the offender's mental health counselor. Consequently, in an effort to consolidate limited judicial resources, and to resolve this issue more expeditiously, our office recommended that jurisdiction be transferred to the MDFL accordingly. On March 23, 2011, Your Honor declined transfer of jurisdiction.

Since that time, our office and the MDFL mutually agreed to have the offender undergo an updated mental health evaluation to determine if his proposed employment would pose a risk, and to further investigate as to whether a hearing would be required.

On April 30, 2011, the offender attended an updated mental health evaluation at Comprehensive Mental Health Solutions in Bradenton, Florida, and the provider determined that the offender's proposed employment did not pose a risk to the offender's recovery with gambling addiction (evaluation attached).

On July 25, 2011, it was determined that given the offender's otherwise positive adjustment, and recent analysis of his employment and recovery (as corroborated by two mental health therapists), that his proposed employment was not a risk. As such, the offender was permitted to work as requested, as he was not showing any signs of relapse, and based on his need to support his family and pay restitution.

On July 2, 2012, PO Cotter received a telephone call from a Philadelphia news reporter, William Bender. Mr. Bender claimed that the offender has been working for a convicted felon and that the convicted felon is using an alias of Dan Burelli. He further advised that Burelli had been convicted under a different name of a federal gambling offense in 2004 in the Middle District of Florida.

Further investigation regarding Mr. Burelli, indicates that his actual name is Daniel Thomas Biancullo. According to government records, on August 30, 2004, Mr. Biancullo was sentenced in the Middle District of Florida to three (3) years probation, and a $100 Special Assessment fee. This sentence was a result of his guilty plea to one count of Violation of the Wire Wager Act, in violation of 18 U.S.C. 1084, a Class E Felony.

Additionally, as verified by a criminal history check, on March 22, 1989, Biancullo was arrested in Hudson County, New Jersey for Possession of Cocaine With Intent to Distribute and on September 12, 1991, he was sentenced to five (5) years custody.

| | | |
|---|---|---|
| Prob 12D | -5- | *Request for Summons and Modification of the Conditions or Term of Supervision* |
| *Name of Offender:* Timothy Francis Donaghy | | *Case Number:* 0207 1:07CR00587-1 |

During the course of the offender's supervision, PO Cotter had spoken with Mr. Burelli on numerous occasions and at no time during any of the conversations with him had he mentioned that he was a convicted felon, nor that his legal name was not "Burelli."

Recently, PO Cotter contacted Mr. Burelli about the issue, and Mr. Burelli stated that he did not deem it necessary to disclose to the offender or PO Cotter about his true name and criminal history. He emphasized that the offender did not know of his criminal history and that the offender has not done anything wrong.

On July 3, 2012, PO Cotter met with the offender to discuss this new information regarding his employer. When asked if he was aware of Mr. Burelli's identity and prior federal conviction, he stated that he just found out on July 1, 2012, during a telephone call he received from Mr. Bender in Philadelphia. The offender denied knowing anything about Mr. Burelli's past prior to the call from Mr. Bender. He further advised that had he known, he would have informed PO Cotter and would have asked for permission to maintain his employment with Mr. Burelli.

At that time, PO Cotter directed the offender to stop working for Mr. Burelli until such time the matter could be referred to the Court for a decision. The offender agreed to cease employment, but contested the decision claiming that he needs to support his family. The offender later informed that Mr. Burelli was willing to place the offender on a "paid leave of absence," until such time he completes supervised release.

On July 10, 2012, the offender was presented with a Probation Form 49 (Waiver of Hearing) to modify his conditions prohibiting employment for Mr. Burelli, as well as having any further contact with him. The offender refused to sign the waiver and requested a hearing regarding this matter.

## RECOMMENDATION:

It is respectfully recommended that the offender be prohibited from working for Mr. Burelli and from having any further contact with him, as he is a convicted felon. Specifically, Mr. Burelli's is not a first-time offender and his criminal background involves conduct strikingly similar to the offender's instant offense, thereby increasing the potential risk of involving the offender in gambling activity.

| | | |
|---|---|---|
| Prob 12D | -6- | Request for Summons and Modification of the Conditions or Term of Supervision |
| Name of Offender: Timothy Francis Donaghy | | Case Number: 0207 1:07CR00587-1 |

Our past decision of allowing the offender to work for Mr. Burelli was based in part, that Mr. Burelli was an upstanding citizen with no criminal background. However, as a result of Mr. Burelli's less than honest approach toward employing the offender, we are now recommending that the offender's employment with "The Sports Connection" be discontinued at this time.

We respectfully await Your Honor's decision.

Respectfully submitted,

by _____

Approved:

_A. A. Fig_____

Guillermo Figueroa,
Deputy Chief U.S. Probation Officer

Richard Azarian
Sr. U.S. Probation Officer
Date: July 25, 2012

THE COURT ORDERS that this document be filed under permanent seal as it contains treatment information and the following:

[ ]  The Issuance of a Summons
[ ]  No Action
[ ]  Other

Please return a certified copy to the New York Eastern Probation office.

_____
Signature of Judicial Officer

_____
Date