

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MLM:JAG
F.#2007R0092

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 8, 2012

VIA ELECTRONIC FILING

The Honorable Carol Bagley Amon
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Timothy Donaghy
            Criminal Docket No. 07-587 (CBA)

Dear Judge Amon:

      The government writes in response to the defendant
Timothy Donaghy's August 7, 2012 pro se motion for early
termination of his supervised release or, in the alternative, for
permission to "receive his salary/payments" from his most recent
employer, the national radio program known as *The Sports
Connection.* (Mot. ¶ 7).[1]  Donaghy's supervised release term is
due to expire in less than three months, on or about November 4,
2012.  As explained below, this Court should deny Donaghy's
motion.[2]

---

    [1] On July 30, 2012, this Court held a supervised release
hearing and ruled that Donaghy must cease employment with *The
Sports Connection* because that employment involved Donaghy's
associating with a convicted felon.  A transcript of that hearing
is not yet available, but it is the government's recollection
that Donaghy made a motion during the hearing to terminate his
supervised release early, and the motion was denied.

    [2] The United States Probation Department has informed the
government that it has reviewed and considered Donaghy's
application, and that it concurs with the government's
opposition.

A district court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).[3]  The determination of whether to terminate supervised release prior to the completion of the fully imposed term is a discretionary decision.  See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  Early termination is not warranted as a matter of course, but rather is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior."  Id.; e.g., United States v. Sheckley, 1997 WL 701370 (2d Cir. Nov. 10, 1997) (affirming district court's denial of defendant's motion for early termination of supervised release).

In this case, Donaghy recounts the several ways in which he has complied with the terms of his supervised release. (Mot. ¶¶ 2-4).  Donaghy then argues that due to his "positive adjustments" to supervision, his motion should be granted.  (Id. ¶ 6).  He cites no authority, however, in support of his application, let alone any authority supporting the proposition that a district court should terminate a defendant's supervised release early when that defendant merely has made "positive adjustments" to supervision and has complied with the release terms.  In fact, the case law supports a contrary view.  See, e.g., United States v. Smith, 2007 WL 187805 (9th Cir. Jan. 23, 2007) (affirming denial of motion for early termination of supervised release despite defendant's "compelling story of rehabilitation" that included "academic accomplishments, commitment to social work and role-model activities"); Karacsonyi v. United States, 1998 WL 401273, *1 (2d Cir. June 10, 1998) ("Full compliance [with the terms of supervised release] . . . is merely what is expected of all people serving terms of supervised release."); Sheckley, 1997 WL 701370, *2 (observing that the defendant was not entitled to early termination of supervised release "simply because he has successfully served a portion of his supervised release term"); United States v. Monteperto, 01-CR-56 (CBA), 2007 WL 914545, *1 (E.D.N.Y. Mar. 23, 2007) (denying motion for early termination where defendant's circumstances, although "commendable," were "not exceptional" and did not "present 'new or unforeseen' facts"); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (flawless prison record and

---

[3] A district court must also consider 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(6).  Id. § 3583(e).

compliance with the terms of supervision are "commendable" but do not constitute "exceptional behavior").[4]

Donaghy is also wrong when he asserts that "there is no useful purpose or need" for his continued supervision.  (Mot. ¶ 6).  As the Supreme Court has observed, "[s]upervised release . . . serves an entirely different purpose than the sentence [of imprisonment] imposed under § 3553(a)."  Pepper v. United States, 562 U.S. — , 131 S. Ct. 1229, 1248 n.15 (2011) (citing United States v. Johnson, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.")); see also 119 S. Rep. No. 98-225, p.124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

Donaghy further claims that "[a]s a result of the termination of his employment and the inability to obtain other employment," he will be "substantially and unfairly prejudiced" in his ability to meet his financial obligations.  (Mot. ¶ 5).  Here, too, Donaghy cites no supporting legal authority.  Cf., e.g., United States v. Daniel Martino, 03-CR-304 (CBA) (E.D.N.Y. Nov. 2, 2010) (denying defendant's motion for early termination of supervised release based on claims of full compliance with release terms and alleged difficulties in obtaining employment).  But more importantly, Donaghy fails to explain how he is unable to obtain any other employment.  To the extent he is hampered by his criminal record, that is a reality faced by every defendant on supervised release.  Moreover, Donaghy does not explain how the terms of his supervised release are "unfair," and he does not demonstrate why the continuation of his supervised release — for less than three more months — will "substantially" and "unfairly" impair his financial condition.

---

[4] Indeed, granting Donaghy's motion would arguably make eligible for early termination numerous defendants who have simply complied with their supervised release terms.  See United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (an "apparently unblemished" record "alone cannot be a sufficient reason to terminate [probation] since, if it were, the exception would swallow the rule").

For all of the reasons discussed above, this Court should deny Donaghy's motion.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Jeffrey A. Goldberg
      Jeffrey A. Goldberg
      Alexander A. Solomon
      Assistant U.S. Attorneys
      (718) 254-7579/6074

cc:   Richard Azarian, Senior U.S. Probation Officer
      U.S. Probation Department, E.D.N.Y.

      Gerri Cotter, U.S. Probation Officer
      U.S. Probation Department, M.D. Fla.

      Timothy Donaghy (by mail)