UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-

TIMOTHY DONAGHY,

                Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CR-587 (CBA)

**AMON, Chief United States District Judge.**

      Defendant Timothy Donaghy moves for early termination of his three-year term of supervised release, which is set to expire on November 3, 2012. In the alternative, Donaghy requests that he be permitted to continue to "receive his salary/payments" from his most recent employer during the final three months of his supervised release term.[1] Both the government and the United States Probation Department oppose the motion.

      This Court has the discretion to end a term of supervised release "at any time after the expiration of one year of supervised release . . ., if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination is not warranted as a matter of course, but rather "is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" United States v. Gross, 2012 WL 259923, at *1 (E.D.N.Y. 2012) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)); United States v. Frost, 2012 WL 1228106, at *2 (S.D.N.Y. 2012).

      In his motion for early termination, Donaghy lists the ways in which he has fully complied with the terms of his supervised release. He argues that, "[b]ased upon [his] successful

---

[1] On August 1, 2012 the Court ordered the defendant to terminate his current employment with a radio program known as "The Sports Connection" because that employment required Donaghy to associate with a convicted felon. See Docket No. 62.

1

completion of 33 months of his 36 months of Supervised Release, and his positive adjustments to supervision, there is no useful purpose or need for [his] continued supervision." (Def. Mot. ¶ 6.) A defendant's mere compliance with the terms of supervised release, however, is not sufficient to warrant early termination. Gross, 2012 WL 259923, at *2 ("[Defendant] is not entitled to early termination simply because he has successfully served a portion of his supervised release and complied with the conditions imposed."); United States v. Monteperto, 2007 WL 914545, at *1 (E.D.N.Y. 2007) (holding that although full compliance with supervised release is "commendable," it is "not 'exceptional' as required under Second Circuit precedent for early termination"); United States v. McKay, 352 F. Supp. 2d 359, 360 (E.D.N.Y. 2005) (denying motion for early termination where defendant merely did what was expected of a person on supervised release); United States v. Rasco, 2000 WL 45438, at *2 (S.D.N.Y. 2000) ("model prison conduct and full compliance with the terms of supervised release is what is expected of [defendant] and all others serving terms of imprisonment and supervised release and does not warrant early termination"); Karacsonyi v. United States, 152 F.3d 918 (Table), 1998 WL 401273, at *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Donaghy argues that because the Court ordered that he end his employment with his current employer, and "because of his inability to obtain other employment," he will be substantially prejudiced in his ability to support himself and his children for the remainder of his term of supervised release. However, "the fact that supervised release has made it difficult to find new employment is not a reason to grant early termination." Gross, 2012 WL 259923, at *2. In any event, the defendant does not explain why he is unable to obtain other employment for the remainder of his term of supervised release, or why the continuation of his supervised

2

release term for only three more months would "substantially" and "unfairly" impair his financial condition. The defendant has conceded that he has more than sufficient funds on which to subsist during the final months of his term of supervised release.

Finally, Donaghy requests in the alternative that the Court grant him permission to "receive his salary/payments" from his most recent employer. The United States Probation Office recommends that the Court deny this request on the grounds that permitting the defendant to accept checks from "The Sports Connection" would constitute an impermissible form of contact with a convicted felon under the standard conditions of supervised release. The Court agrees.

The defendant's motion for early termination of his term of supervised release is denied. The defendant's request that he be permitted to receive paychecks from his former employer during the remainder of his term of supervised release is denied.

SO ORDERED.
Dated: Brooklyn, N.Y.
       August 13, 2012

s/CBA

Carol Bagley Amon
Chief United States District Judge